UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23-CV-518-CRS

BRENDA L. ALEXANDER                                                                          PLAINTIFF

v.

CS/KY/LLC, *et al.*                                                                                     DEFENDANTS

## **MEMORANDUM OPINION**

Plaintiff Brenda L. Alexander, *pro se*, filed a Complaint against CS/KY/LLC, Key Property Management, the U.S. Department of Housing and Urban Development ("HUD"), and Elishea Chill on October 4, 2023. [DN 1]. Simultaneously, Alexander petitioned the court for leave to proceed *in forma pauperis*. [DN 3]. The court granted Alexander leave. [DN 4].

Because Alexander is proceeding *in forma pauperis*, the court must initially review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007). Upon review, the court must dismiss a case at any time if the court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When screening the Complaint, the court must construe it in the light most favorable to Alexander and accept well-pleaded allegations as true. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). And while a reviewing court liberally construes *pro se* pleadings, *see id.*; *Boag v. McDonald*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face" to avoid dismissal, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Alexander prepared her Complaint using the United States Courts' *pro se* "Complaint for a Civil Case" form. Under § II of the form, which concerns jurisdiction, Alexander indicated that "the basis for federal court jurisdiction" is federal question. [DN 1 at 4]. Then, in § II(A), which prompts a plaintiff to "list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Alexander wrote the following: "Dept. of HUD: CFR Code of Federal Regulations 24; [Title] 24 CFR § 965.65 and 966; Universal Citation in Ky. > Ky. Rev. Stat. § 386B.2-030 (2018); Fair Housing Act Section 802 [42 U.S.C. § 3602]; Disabilities Act > Code 42 U.S.C. § 12.101, et. seq." [DN 1 at 4] (brackets in original).

Next, in § III, which prompts a plaintiff to "[w]rite a short and plain statement of the claim," Alexander wrote the following:

> 1600 Garland Ave., Apt. 608 (40210-2477) Move-in > Fri. Nov. 9th, 2018. Noticed cigarette smoke smell coming through vent in living room (front). Move-out > Sat. Dec. 3rd, 2022 smoke smell continued > After numerous requests, verbally and in writing to the on-site manager, I NEVER got any relief from the smoker below me in 508. I documented EVERY occurrence with more detail and can produce it if requested. Doctor statements, calls to lawyers who would not assist me - - nothing stopped the debilitating second, third-hand cigarette smoke and NO ONE who should have would help with this situation.

[DN 1 at 5].

And, in § IV, which prompts a plaintiff to "[s]tate briefly and precisely what damages or other relief the plaintiff asks the court to order," Alexander wrote the following:

> Asking damage awards monetarily for negligence by each defendant named herein in the amount of $40,000 for each year of my residence @ 1600 Garland Avenue, Apt. 608. Physical abuse, emotional and psychological duress > $55,000. Actual damages reflect the harm I suffered and hours I was unable to enjoy 'my' residence > $100,000. Punitive damages include negligence and the extreme willful, intentional infliction of emotional, psychological, physiological and physical duress for the four plus years I endured the cigarette smoke smell > $305,000.

[DN 1 at 7].

Alexander asserts that several regulations and statutes are at issue in this case. [DN 1 at 4]. First, Alexander asserts that HUD's smoking regulations are at issue.

In 2016, HUD promulgated the "Smoke Free Rule," which prohibits smoking at HUD-subsidized public housing units. 24 C.F.R.§ 966.651–655. Additionally, HUD added a provision to its list of mandatory HUD-subsidized public housing lease provisions that requires tenants to agree to comply with the Smoke Free Rule. 24 C.F.R. § 966.4(f)(12)(i)(B).

"The Smoke Free Rule is meant to improve air quality within public housing, protect residents from health risks associated with secondhand smoke, reduce the risk of fires, and decrease the cost of property management." *NYC C.L.A.S.H., Inc. v. Fudge*, 47 F.4th 757, 760 (D.C. Cir. 2022). When a tenant fails to comply with the Smoke Free Rule, he may be evicted or his tenancy terminated, "although the terms of the Rule leave enforcement to the discretion of each" Public Housing Authority ("PHA"). *Id.* at 761 (citing 24 C.F.R. § 966.4(*l*)).

Alexander's Complaint alleges that the defendants did not enforce these regulations during the entirety of her four-year residency at a HUD-subsidized public housing unit. The Smoke Free Rule did not, however, create a cause of action for a neighboring tenant. That is, a tenant cannot sue a landlord or property management company based on her neighbor's smoking and resulting exposure to secondhand smoke. Rather, the Smoke Free Rule effectively gives PHAs discretion to evict or terminate the tenancy of non-compliant tenants for "serious or repeated violation[s]" of the Smoke Free Rule — but even then, PHAs are under no obligation to evict or terminate a tenancy. 24 C.F.R. § 966.4(*l*)(2)(i)(B). Thus, because the law does not give Alexander a right to sue for violations of the Smoke Free Rule, her claim fails as a matter of law.

Second, Alexander asserts that K.R.S. § 386B.2-030 is at issue in this case. However, that is Kentucky's subject-matter jurisdiction statute, and thus is inapplicable to this action.

Finally, Alexander invokes the Fair Housing Act and Americans with Disabilities Act of 1990, as amended in 2008, as bases for her claim. Neither of those Acts apply here.

Accordingly, Alexander's claims will be dismissed for failure to state a claim for which relief can be granted. A separate Order will be entered contemporaneously with this Memorandum Opinion.

December 4, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc:    Plaintiff, *pro se*